# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0656V

|  |  |
|---|---|
| RUTH HILL,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: July 11, 2025 |

*Jonathan Joseph Svitak*, Shannon Law Group, Woodridge, IL, for Petitioner.

*Katherine Carr Esposito*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 12, 2021, Ruth Hill filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act").[3] Petitioner alleged that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, caused by the influenza ("flu") vaccine she received on November 17, 2020. Second Amended Petition, filed Sept. 1, 2023, at 1, ¶¶ 3, 18, 24. She further alleged that she suffered from "pain and impairment for a period of time that has lasted much longer than six months." *Id.* at ¶ 18.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] On February 21 and September 1, 2023, Petitioner filed amended petitions with additional detail and medical records citation. ECF Nos. 29, 38.

On February 2, 2024, Respondent filed his Rule 4(c) Report opposing compensation. ECF No. 44. Emphasizing Petitioner's last treatment in February 2021 (slightly more than three months post-vaccination), and evidence that shoulder symptoms Petitioner experienced more than two years later was not vaccine-related, Respondent argued that the "information in total indicates that [P]etitioner's alleged vaccine-related injury, more likely than not, did not persist for the statutorily-required six months." *Id.* at 11; *see* Section 11(c)(1)(D)(i) (Vaccine Act's severity requirement for cases not involving death or inpatient hospitalization and surgical intervention). Additionally, Respondent insisted that Petitioner has failed to establish pain onset within 48 hours of vaccination, and the lack of a viable alternative cause as required for a Table SIRVA. Rule 4(c) Report at 11-13; *see* 42 C.F.R. § 100.3(a)XIV(B) (required symptom onset for SIRVA following receipt of the flu vaccine) & (c)(10) (ii) & (iv) (Qualifications and Aids to Interpretation criteria related to pain onset and a viable alternative cause) (2017).

On May 30, 2025, I ordered Petitioner to provide the additional evidence needed to establish the required severity, or to otherwise show cause why her claim should not be dismissed. ECF No 45. In response, Petitioner moved for a decision dismissing her petition. ECF No. 46. In the motion, Petitioner acknowledged that "she will be unable to prove that she is entitled to compensation in the Vaccine Program" (*id.* at ¶ 1) and "to proceed further would be unreasonable and would waste the resources of the Court, the [R]espondent, and the Vaccine Program" (*id.* at ¶ 2). Petitioner expressed her understanding that "a decision by the Special Master dismissing her petition will result in a judgment against her . . . [and] will end all of her rights in the Vaccine Program." *Id.* at ¶ 3. She indicated that she "reserves the right to elect to reject the Vaccine Program judgment against her and elect to file a civil action." *Id.* at ¶ 5.

Vaccine Rule 21(b) provides that I may dismiss a petition or any claim therein at the request of Petitioner, on terms that I consider proper, by issuance of a decision pursuant to Section 12(d)(3). Here, Petitioner requests such a dismissal, based upon her assessment of her inability to meet an evidentiary element for compensation - the Vaccine Act's severity requirement, which applies to both Table and non-Table claims. *See* Section 11(c)(1)(D). But examination of the record does not disclose sufficient evidence of severity. And the same record does not contain a medical expert's opinion or any other persuasive evidence supporting the conclusion that Petitioner's symptoms continued for more than six months.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, a petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner has satisfied

the severity requirement, specifically that she suffered the residual effects of her injury for more than six months as alleged.

**For these reasons, and in accordance with Section 12(d)(3)(A), Petitioner's motion is <u>GRANTED.</u> Petitioner's claim for compensation is <u>DENIED</u> and this case is <u>DISMISSED</u> for insufficient proof.  The Clerk shall enter judgment accordingly.**[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.